# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMIE BURCHAM,**
**Claimant Below, Petitioner**

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0188** (BOR Appeal No. 2050696)
               (Claim No. 2014019314)

**CITY OF HUNTINGTON,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Jamie Burcham, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Huntington, by Scott K. Sheets, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 3, 2016, in which the Board affirmed a July 8, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 30, 2014, decision which suspended temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Burcham, a firefighter, was injured on December 19, 2013, while carrying a patient on a cot. Treatment notes from Cabell Huntington Hospital emergency room dated December 26, 2013, indicate Mr. Burcham injured his lower back at work one week prior. Lumbar spine x-rays showed no acute abnormality. There was disc space narrowing and posterior fusion at L4-5 with mild anterolisthesis of L4 and L5. Degenerative disc space narrowing was noted at L5-S1. The diagnosis was herniated disc, and he was referred to David Weinsweig, M.D., for follow up.

1

On April 25, 2014, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he noted that Mr. Burcham reported pain in his lower back, mid-back, testicles, and right buttock. He also complained of tingling in both legs. Dr. Mukkamala diagnosed lumbar sprain, right ankle/foot sprain, and neck sprain. He opined that Mr. Burcham had not reached maximum medical improvement. He recommended physical therapy three times a week for six weeks and stated Mr. Burcham should be at maximum medical improvement at that time. Dr. Mukkamala stated that Mr. Burcham was limited to sedentary/light category work. The claims administrator suspended temporary total disability benefits on May 3, 2014. In its decision, it stated that the City of Huntington reported it could accommodate Dr. Mukkamala's restrictions.

On July 1, 2014, Allen Young, M.D., completed a return to work certificate stating that Mr. Burcham was off work. No diagnosis or specific work restrictions were given. Mr. Burcham testified in a deposition on December 15, 2014. He stated that he sought treatment for his injury four days after it occurred. X-rays were taken and he was referred to Dr. Weinsweig who ordered an MRI. He recommended a pain clinic and TENS unit. Mr. Burcham testified that he tried physical therapy but stopped after three days due to increased pain. He stated that he has not been released to return to work by any doctor. He also stated that he still has severe back and testicle pain as well as tingling and numbness down his right leg and foot. Mr. Burcham acknowledged a prior back surgery in 2009. He returned to work five to six months after the surgery with no restrictions. He stated that he was currently in pool physical therapy.

The Office of Judges affirmed the claims administrator's suspension of temporary total disability benefits on July 8, 2015. It found that the compensable conditions in the claim are lumbar, foot, and cervical sprains. Other than Mr. Burcham's own testimony, his only evidence was the return to work certificate, which merely indicated he was off of work. The diagnosis and specific work restrictions sections were left blank and no period of temporary total disability was identified. The Office of Judges further determined that Dr. Mukkamala found Mr. Burcham was limited to light/sedentary work. The protested claims administrator's decision stated that the claims administrator had received information that the City of Huntington could accommodate Dr. Mukkamala's restrictions. The Office of Judges therefore found that Mr. Burcham had not demonstrated by a preponderance of the evidence that he is temporarily and totally disabled as a result of his compensable injury. The Office of Judges noted that a recent Office of Judges Order dated April 17, 2015, affirmed a claims administrator decision closing the claim for temporary total disability benefits. The Office of Judges stated that the date of injury was December 19, 2013, and Mr. Burcham is now far past the West Virginia Code of State Rules § 85-20 (2006) guidelines for sprain/strain injuries. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 3, 2016.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. West Virginia Code § 23-4-7a (2005) provides that temporary total disability benefits are suspended once a claimant has reached maximum medical improvement, has been released to return to work, or has actually returned to work. Dr. Mukkamala found that Mr. Burcham was capable of return to work in a light/sedentary position with restrictions. The City of Huntington indicated to the claims administrator that the restrictions could be accommodated

2

and Mr. Burcham was informed of such in the May 3, 2014, decision. Mr. Burcham has been released to return to work and is therefore no longer temporarily and totally disabled.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3